UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA V ANDERSON, *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-3052 |
| | § | |
| SOUTHERN PREMIUM HOSPITALITY GROUP, LLC DBA THE 5TH AMENDMENT, *et al*, | § § § § | |
| Defendants. | § § | |

## **ORDER**

The case has been transferred to this Court by consent of the parties pursuant to 28 U.S.C. § 636(c). Plaintiffs Maria Victoria Anderson, Kim Cole, and Cassie Schlief (collectively "Plaintiffs") assert claims for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 *et seq.*, on behalf of themselves and similarly situated employees and former employees of the Defendants Southern Premium Hospitality Group, LLC d/b/a The 5th Amendment, Blue Book, LLC, Roosevelt Lounge, Rockwood Builders, LLC d/b/a/ T&S Construction and Consulting, LLC, Sted Entertainment Group LLA d/b/a Social Junkie, Galeb, LLC, Tamer Aly, Saleem Fernandez, and Sameer Merchant (collectively "Defendants"). (Dkt 1, 23). Pending before the Court is the Plaintiff's Motion for Certification of Collective Action and Request for Notice (Dkt. 23). Based on the pleadings, the arguments of counsel, and the applicable law, the Court **GRANTS** the motion.

I.     **Factual and Procedural Background**

Defendants own and operate The 5th Amendment Bar, Roosevelt Lounge, and Social Junkie (collectively "the Bars") in Houston, Texas. Defendants share employees, pool their resources, and have common management and ownership over the bars. Plaintiffs worked as bartenders in Defendants' Bars. Their duties included opening and closing their assigned bars, cleaning the bar area, working the registers, serving customers, and promoting and marketing the bars.

During their employment at the Bars, Plaintiffs allege three distinct FLSA violations. First, Plaintiffs allege that Defendants failed to pay bartenders, barbacks, and sweeps a minimum wage of $2.13/hour, in violation of the tipped-employee compensation provision. 29 U.S.C. § 203(m)(1). Second, Plaintiffs allege that Defendants required bartenders, barbacks, and sweeps to contribute to a tip pool, but then distributed the tip pool to tip-ineligible employees, including managers. 29 U.S.C. § 203(m)(2). Third, Plaintiffs allege that Defendants failed to notify the bartenders, barbacks, and sweeps of Defendants' intention to take "tip credit" against the required hourly minimum wage. Plaintiffs also allege that Defendants failed to notify tipped employees of their statutory rights under 29 U.S.C. § 203(m).

Plaintiffs have now moved for conditional certification of a class consisting of current and former employees who (1) were employed from October 16, 2010 to the present; (2) perform, or have performed, duties similar to the Plaintiffs; (3) customarily and regularly receive tips or perform services that would result in them rightfully earning tips; (4) did not receive a wage or were paid less than minimum wage and/or (5) were

required to participate in an illegal tip pool. Dkt. 23. Plaintiffs also request that notice be sent to the putative class members advising of their right to opt-in to this collective action if they were also subjected to one of Defendants' alleged FSLA violations. In support of their motion, Plaintiffs have submitted affidavit testimony that they performed similar job duties and were subjected to Defendants' uniform compensation and tip-pooling policies. In their affidavits, Plaintiffs allege knowledge of other employees who were subjected to these policies. Dkt. 23, Ex. A–C.

## II. Applicable Legal Standard

The Fair Labor Standards Act requires employers to pay employees a legally prescribed minimum hourly wage. 29 U.S.C. § 206(a)(1). Provided certain conditions are satisfied, an employer may pay tipped employees an hourly rate less than the federal minimum wage, by allowing them to credit a portion of the actual amount of tips received by the employee against the required hourly minimum wage. 29 U.S.C. § 206(m). A "tipped employee" is an employee "engaged in an occupation in which he [or she] customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(t); *see Chung v. New Silver Palace Rest., Inc.,* 246 F.Supp.2d 220, 228 (S.D.N.Y. 2002). Under federal law, an employer is eligible for this "tip credit" if: (1) the employer has informed the tipped employee of statutory requirements related to the tip credit; and (2) "all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m); *see New Silver Palace,* 246 F.Supp.2d at 228; *Sorensen v. CHT Corp.,* 2004 WL 442638, at *1 (N.D.Ill. Mar. 10,

3

2004), quoting 29 U.S.C. § 203(m). These prerequisites are strictly construed. *See New Silver Palace,* 246 F.Supp.2d at 229.

Courts recognize two methods for determining whether to authorize notice to similarly-situated employees advising them of their right to join an FLSA collective action. *See Mooney v. Aramco Services Co.,* 54 F.3d 1207, 1213–15 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa,* 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003). These methods are the two-step *Lusardi* approach and the spurious class action *Shushan* approach. *See id.; Shushan v. Univ. of Colo. at Boulder,* 132 F.R.D. 263 (D.Colo. 1990); *Lusardi v. Xerox Corp.,* 118 F.R.D. 351 (D.N.J. 1987). In *Mooney,* the Fifth Circuit found it unnecessary to determine which method is most appropriate. 54 F.3d at 1216. Courts have noted, however, that "the two-step ad hoc approach is the preferred method for making the similarly situated analysis and the similarly situated standard does not incorporate Rule 23 requirements." *Basco v. Wal-Mart Stores Inc.,* 2004 WL 1497709, at *4 (E.D.La. July 2, 2004); *see also LaChapelle v. Owens-Illinois, Inc.,* 513 F.2d 286, 288 (5th Cir. 1975) (finding a fundamental difference between Rule 23 class actions and FLSA collective actions).

"*Lusardi* and its progeny are remarkable in that they do not set out a definition of 'similarly situated,' but rather they define the requirement by virtue of the factors considered in the [two-stage] analysis." *Mooney,* 54 F.3d at 1213. The first step of analysis is the "notice stage," in which the district court decides whether to issue notice to potential class members. *See id.* at 1213–1214. The court's decision is usually based only upon the pleadings and any affidavits that have been submitted. *Id.* "Because the court

4

has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class" where potential class members receive notice and the opportunity to opt-in. *Id.* at 1214 n. 8. The lenient standard appears to require only substantial allegations that potential members "were together the victims of a single decision, policy, or plan . . ." *Id.* (citing *Sperling v. Hoffmann-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)). A factual basis for the allegations is needed to satisfy this first step. *See Hall v. Burk*, 2002 WL 413901, at *3 (N.D.Tex. Mar. 11, 2002) (stating that "[u]nsupported assertions of widespread violations are not sufficient to meet Plaintiff's burden"). If a court conditionally certifies a class, the action proceeds as a collective action during discovery. *See Mooney*, 54 F.3d at 1214.

The second stage of inquiry typically occurs when discovery is largely complete and the defendant moves to "decertify" the conditionally-certified class. *See id.; Lusardi*, 118 F.R.D. at 359. At that point, the court makes a factual determination as to whether there are similarly-situated employees. *Id.* If the district court finds that the claimants are similarly situated, the collective action may proceed. *See Mooney*, 54 F.3d at 1214; *Basco*, 2004 WL 1497709, at *3. If the court decertifies the class, the opt-in plaintiffs are dismissed without prejudice and the original plaintiffs proceed on their individual claims. *See id.; England*, 370 F.Supp.2d at 508.

III. **Analysis**

Defendants oppose the putative class on the grounds that it is overly broad in scope. Defendants argue that the three Plaintiffs were unique employees who not only performed their duties as bartenders, but also made off-site promotional appearances to

5

garner publicity for the Bars. Thus, Defendants argue that Plaintiffs are not "similarly situated" to other bartenders, barbacks, and sweeps who did not perform promotional duties. Dkt. 25.

The Court finds that, at this stage of the litigation, Plaintiffs' affidavits are sufficient to show that a collective action should be conditionally certified and notice issued. *See Bursell v. Tommy's Seafood Steakhouse*, 2006 WL 3227334 (S.D. Tex. Nov. 3, 2006) (authorizing conditional certification and notice to potential plaintiffs based on the submission of affidavits). Under *Lusardi*'s lenient standard, the relevant inquiry for the Court is not whether these tangential duties significantly distinguished them from other bartenders, barbacks, and sweeps. Indeed, the relevant inquiry is whether Plaintiffs have sufficiently shown that other current and former employees of Defendants "were together the victims of a single decision, policy or plan." *Mooney*, 54 F.3d at 1214, n.8. The Court finds that Plaintiffs' affidavits have sufficiently alleged uniform policies and similarly situated employees. Accordingly, conditional certification and issuance of notice is warranted.

## IV.    Conclusion

The Court hereby **GRANTS** Plaintiffs' Motion for Certification of Collective Action and Request for Notice. Plaintiffs have already submitted a proposed notice. Dkt 23, Ex. 1–2. By **August 1, 2014**, Defendants are ordered to produce the names and last known addresses of all bartenders, barbacks, and sweeps employed by Defendants since October 16, 2014. By **August 15, 2014** the parties are ordered to confer about the notice and notify the Court of any disputes.

SIGNED on this 21st day of July 2014 at Houston, Texas.

*[signature]*
GEORGE C. HANKS, JR.
UNITED STATES MAGISTRATE JUDGE